UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
Sigal Bounds, individually
and on behalf of all others similarly situated,

          Civil Action No.:_____

          Plaintiff,

   -vs-          **COMPLAINT FOR VIOLATIONS**
          **OF THE FAIR DEBT COLLECTIONS**
          **PRACTICES ACT AND DEMAND**
          **FOR TRIAL BY JURY**

Asset Acceptance, LLC

          Defendant.
------------------------------------------------------X

      Plaintiff Sigal Bounds ("Bounds") (hereinafter referred to as "Plaintiff"), by and through her attorney, Fredrick Schulman & Associates, on behalf of herself and the putative class of all other similarly situated, brings this action for the illegal practices of Defendant Asset Acceptance, LLC (hereinafter referred to as "Defendant") in connection with its attempts to collect an alleged debt from the Plaintiff and others, respectfully sets forth as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violation(s) of 15 U.S.C. Sec. §1692 *et seq*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as, "FDCPA").

2.     Such collection practices include, *inter alia,* sending written communications to consumers which fail to comport and comply with the specific requirements contained in 15 U.S.C. §1692g.

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of

abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.  15 U.S.C. §1692(a)-(e).

4.  The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation.  The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer."  Clomon v. Jackson, 988 F2d 1314 (2d Cir. 1993).

5.  The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorneys' fees, costs and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

6.  Notably, the rights and obligations established by Section 1692g of the FDCPA were considered by the Senate to be a "significant feature" of the Act.  See S. Rep. No. 382, 95th Cong., 1st Sess. 4 at 4, *reprinted* in 1977 U.S.C.C.A.N. 1695, 1696, and *reprinted* at Appx. A.3, *infra*.

7. Section 1692g is a strict liability provision; an unintentional violation of the verification requirements violates the Act.  See  Ellis v. Solomon and Solomon, P.C., 591 F3d 130; 135 (2d Cir. 2011); Savino v. Computer Credit, Inc., 164 F3d 81, 86 (2d Cir. 1998).

8. An incomplete statement of the section 1692g(a)(1) through (5) information violates the Act.  See  Baker v. G.C. Services, 677 F2d 775 (9th Cir. 1982); Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 217 F. Supp. 2d 336 (E.D.N.Y. 2002).

9. The requirements of 1692g(a)(1) through (5) expressly require debt collectors to advise consumers of certain rights and these must be understood by the "least sophisticated consumer".

## PARTIES

10. Plaintiff is a natural person and a resident of the State of New York, County of Queens. Plaintiff maintains her residence at 6433 99th Street, Apt. 3M, Rego Park, New York 11374.

11. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

12. Upon information and belief, Defendant is a limited liability company incorporated under the laws of the State of Michigan, authorized to conduct business in the State of New York and is licensed to collect debt within the City of New York.  Upon further information and belief, Defendant is engaged in the business of collecting incurred and allegedly incurred debts, and is a collection firm with its principal place of business located at 28405 Van Dyke Avenue, Warren, Michigan 48093, County of Macomb.

13. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.  Indeed, upon information and belief, on a website maintained by the Defendant at the URL address of

www.assetacceptance.com. Defendant informs visitors to the site that "Asset Acceptance Recovery Services, a wholly owned subsidiary of AACC, is a comprehensive, nationwide legal collections solution, providing maximum control and transparency through a best-in-class legal capability driven by significant investments in our people, processes and platform." The copyright is attributed to Asset Acceptance, LLC.

14. Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the FDCPA.

15. Upon information and belief, Defendant was attempting to collect an alleged debt (hereinafter referred to as the" Alleged Debt") from Plaintiff and, on information and belief, the Alleged Debt arose out of a transaction in which money, services, or property, which was the subject of the transaction was primarily used for family, personal, and/or household purposes. As such, the Alleged Debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5) of the FDCPA.

16. In it attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors, Defendant uses the United States mail service, telephone communication and/or Internet communication.

17. Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

**JURISDICTION AND VENUE**

18. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

19. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## ALLEGATIONS FOR CLASS ACTION

20. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

21. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

22. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, numerous persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

23. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

24. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv)

Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

25. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

26. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

27. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

29. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

30. Plaintiffs will fairly and adequately represent the Class members' interests in that the Plaintiffs' counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

31. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

32. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. Plaintiffs allegedly incurred a debt related to a purported account with Bank of America.

35. Beginning in or around April 2, 2012 and continuing thereafter, Defendant commenced collection activities against Plaintiff to recover the Alleged Debt.

36. In an attempt to collect the Alleged Debt, Defendant sent Plaintiff a letter entitled "First Notice."

37. The "First Notice" is a "communication" as that term is defined in 15 U.S.C. §1692a(2).

38. The third paragraph of the letter begins with what purports to be the language required by 15 U.S.C. §1692g:  "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, we will assume this debt is valid."

39. However, the next sentence tells the recipient that "If you notify us in writing within 30 days from receiving this notice, we will:  obtain verification of the debt or a copy of a judgment & mail you a copy of such & provide you with the name and address of the original creditor."

40. After reading this sentence, Plaintiff inferred – as would the least sophisticated consumer – that they could send a letter and would receive a "verification of the debt".

41. The "First Notice", however, does not fulfill the express requirement of 1692g(4) to notify the Plaintiff of the right to "notify the debt collector in writing within the thirty-day period

that the debt, or any portion thereof is *disputed"* and with that the debt collector "will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

42. Conspicuously absent from the "First Notice" is the notice to the Plaintiff of the statutory right to dispute the debt in writing and, upon that writing, the Defendant will provide verification.

43. The verification notice must state a *writing* is required from the consumer disputing the debt or requesting verification in order for debt verification to be required of the debt collector. See Grief v. Wilson, Elser, 217 F. Supp. 2d 336 (E.D.N.Y. 2002). This is fact is well known to Defendant. Unless a recipient submits an actual *writing*, Defendant has no other or further obligation.

44. Defendant's willful play on words is a deceptive, false, misleading, and/or unfair debt collection practice and a violation of the FDCPA. Accordingly, Plaintiffs are entitled to statutory damages and any such other and further relief as the Court deems just and proper.

**FIRST CAUSE OF ACTION**
**(Violation of 15 U.S.C. §1692g)**

45. Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered"1" through "44" above with the same force and effect, as if the same were set forth at length herein.

46. Defendant's conduct as described in this complaint violated the Fair Debt Collection Practices Act 15 U.S.C. §1692g by failing to duly and properly inform the Plaintiff of the right to notify the Defendant in writing within the thirty-day period of their right to dispute the debt, or any portion thereof.

47.     As a result of Defendant's violation of the FDCPA, Plaintiff and the putative class, if granted, is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provision of the FDCPA.

## DEMAND FOR TRIAL BY JURY

48.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Sigal Bounds demands judgment from the Defendant Asset Acceptance, LLC, as follows:

A.  For an Order certifying that Plaintiff cause of action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

B.  For an award of the maximum statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(B:

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.  For a declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       March 29, 2013

                              Respectfully submitted,

                          By: __s/ Fredrick Schulman_____
                              FREDRICK SCHULMAN, ESQ. (FS2664)
                               Fredrick Schulman & Associates
                              Attorneys at Law
                              Attorney for Plaintiff
                             30 East 29TH Street
                             New York, New York 10016
                             (212) 796-6053
                              (212) 951-7379
                              info@fschulmanlaw.com